# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7419 | **DATE** | 12/23/2011 |
| **CASE TITLE** | Asma Saad and Tobacco House vs. Village of Orland Park | | |

**DOCKET ENTRY TEXT**

Plaintiffs' third motion for a temporary restraining order [#22] is denied. Plaintiffs are directed to show cause by January 10, 2012 why this case should not be dismissed under Federal Rule of Civil Procedure 12(b)(6). See statement below.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     On December 2, 2011, plaintiffs filed an amended complaint alleging that the Village of Orland Park's smoking ban ordinance is unconstitutionally vague and that defendants have violated their rights under the equal protection clause by refusing to process Asma Saad's application for a business license and/or failing to transfer Tobacco House's existing business license to Saad. Plaintiffs' complaint requests the court to enjoin the Village of Orland Park from denying Saad's application for a business license and to order the Village to grant her application.

     On December 14, 2011, plaintiffs filed their third motion for a temporary restraining order. They argue that the TRO should be granted on the grounds that the smoking ban ordinance is unconstitutionally vague. The court assumes that plaintiffs are seeking the injunctive relief that is discussed in their complaint, as plaintiffs do not explain what type of relief they are seeking in their motion for a TRO. For the following reasons, plaintiffs' motion is denied.

     The court assumes familiarity with the facts set forth in plaintiffs' amended complaint and in the court's prior orders dismissing plaintiffs' first two motions for a TRO. *See* Dkt. #11, 18. At issue in plaintiffs' third motion is the ordinance's exemption for existing businesses. The ordinance provides in relevant part:

(1) Smoking shall be permitted within the enclosed business premises known as "BELICOSO CIGAR LOUNGE" located at 15443 S. 94th Avenue wherein only smoking products and smoking equipment is sold at retail, being the only such business in the Village, provided:

    (a) The current owner or other person in control of such business and who holds the tobacco dealer license issued by the Village keeps and maintains such license in good standing and continues to operate such business at its present location referred to above; and

    (b) No goods, products or services are sold or delivered within the said

> business premises by the said tobacco dealer licensee, or anyone under said licensee's supervision and control, except for smoking products and smoking equipment.

Village Code § 6-2-2-12(3). Plaintiffs argue that the meaning of the phrase "other person in control of such business" is unconstitutionally vague because it does not make clear that Tobacco House's business license would be revoked if ownership in Tobacco House is transferred from one individual to another.[1]

Plaintiffs can succeed on their request for a TRO if they demonstrate that (1) their claim has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) absent injunctive relief, they will suffer irreparable harm in the period prior to final resolution of their claim. *Girl Scouts of Manitou Council* v. *Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008). If plaintiffs satisfy these threshold requirements, the court must balance the threatened injury to the moving party with the threatened harm the injunction may inflict on the nonmovant. *Id.* The court also must consider the public interest in either the grant or denial of the injunctive relief. *Id.* In applying these criteria, the court uses a "sliding scale" approach: if a claim is very likely to succeed on the merits, less harm to the plaintiffs will be required to justify injunctive relief and vice versa. *Abbott Labs.* v. *Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992). The requirement that plaintiffs show some likelihood of success on the merits is a low threshold, requiring only that plaintiffs' chances of prevailing be "better than negligible." *Meridian Mut. Ins. Co.* v. *Meridian Ins. Group*, 128 F.3d 1111, 1114 (7th Cir. 1997) (citations omitted).

As to the merits of the vagueness claim, "[a] law is unconstitutionally vague if it fails to sufficiently define the conduct it prohibits; the point of the vagueness doctrine is to permit individuals to conform their conduct to the law's requirements and to guard against arbitrary or discriminatory enforcement." *Milestone* v. *City of Monroe*, --- F.3d ----, 2011 WL 5865649, at *8 (7th Cir. Nov. 21, 2011). In evaluating whether a law or ordinance is unconstitutionally vague, the court considers whether the ordinance "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Vill. of Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) (quoting *Grayned* v. *City of Rockford*, 408 U.S. 104, 108–09, 92 S. Ct. 2294, 33 L. Ed. 222 (1972)). In addition, an ordinance "must provide explicit standards for those who apply them. A vague [ordinance] impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications." *Id.* (quoting *Grayned*, 408 U.S. at 108–09). The degree of stringency with which the court analyzes an ordinance depends on the type of interest at stake: economic regulation will be subject to less scrutiny, as will ordinances that do not inhibit the exercise of constitutionally protected rights. *Id.* at 498–99. "[A] regulation will pass constitutional muster even though it could have been drafted with more precision." *United States* v. *Pitt-Des Moines, Inc.*, 168 F.3d 976, 987 (7th Cir. 1999).

Under these standards, plaintiffs have not demonstrated a likelihood of success on the merits of their constitutional claim. Plaintiffs do not argue that the ordinance inhibits a constitutionally protected right. During the motion hearing, they conceded that the phrase "current owner" refers to the individual who owned Tobacco House at the time the Village enacted the ordinance. The meaning of the ordinance is understandable to a person of ordinary intelligence: Tobacco House will be permitted to operate under the exemption to the smoking ban so long as either the "current owner" or "other person in control of such business" continues to maintain a tobacco dealer license in good standing. Conversely, if the current owner or other person in control of Tobacco House does not have a tobacco dealer license in good standing, the smoking ban exemption does not apply.

The facts of this case do not call the plain language of the ordinance into question. Saad, who is the person in control of the business, does not have a tobacco dealer license. The ordinance gave Saad notice that the exemption would no longer apply once she received ownership of Tobacco House because it clearly states that whoever controls the business must have a tobacco dealer license in good standing. The ordinance

is such that both Saad and her husband, Abbas Ghaddar, should have understood at the time the transfer occurred that unless Saad had a tobacco dealers license, the business could not continue. They also should also have known that Ghaddar could not transfer his license to Saad. *See* Vill. Code § 7-1-8 ("No license or permit may be assigned, sold, loaned, transferred, used as collateral or otherwise encumbered."). Therefore, in accordance with the easily understood meaning of the statute, the Village has revoked the business license issued to Tobacco House based, in part, on the fact that Tobacco House no longer qualifies for the exemption to the smoking ban. (*See* Pls.' Ex. 2, Revocation Hearing Transcript at 85 ("They've applied for the business license, the general business license, but no application to this date has been filed for the tobacco sales license. We believe this is also a violation of our village code.")) For all of these reasons, plaintiffs have failed to demonstrate that the ordinance is constitutionally vague. Their third motion for a TRO [#22] must be denied.

The Village has filed a motion to dismiss the amended complaint under Rule 12(b)(6) and, after reviewing its brief, the court is of the opinion that the Village's arguments are well-taken. This court has already rejected plaintiffs' equal protection claim by its order of November 3, 2011 [#18]. As noted above, the Village code does not allow the transfer of Ghaddar's business license to Saad. *See* Vill. Code § 7-8-8. Nor can plaintiffs argue that other smoking establishments are routinely granted business licenses because Tobacco House was the only business that benefitted from an exemption when the smoking ban was first enacted.[2]

In addition, Plaintiffs have not alleged any facts that would permit an inference that the smoking ban was enacted in order to discriminate against Saad based on race or Arab ethnicity. *See Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("A plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."). Indeed, Tobacco House was given the only exemption when the Village enacted the smoking ban ordinance. (*See* Pls.' Ex. 2, Revocation Hearing Transcript at 27, 38–42.) Plaintiffs can make no viable argument that the Village must grant a tobacco dealers license to Saad merely because it routinely licenses other non-tobacco enterprises. *See* 410 Ill. Comp. Stat. 82/65 (any unit of local government may regulate smoking in public places so long as regulation is at least as restrictive as the Illinois Smoke Free Act); Amanda Bosky, Note, *Ashes to Ashes: Secondhand Smoke Meets a Timely Death in Illinois*, 39 Loyola Univ. Chi. L.J. 847, 871 (Summer 2008) (noting that although smoking ban opponents often argue that such statutes are unconstitutional, no constitutional challenge to a smoking ban has been successful thus far).

If plaintiffs believe they have an argument that has not been addressed in this ruling, they may demonstrate in writing by January 10, 2012 why this case should not be dismissed for failure to state a claim upon which relief may be granted.

| STATEMENT |
|---|
|  |

1. Tobacco House does business as the Belicoso Cigar Lounge.

2. In May 2011, the smoking ban ordinance was amended to allow indoor smoking at tobacco retailers that are located in freestanding buildings.  *See* Vill. Code. § 6-2-2-12(3)(2).  Tobacco House is not located in a freestanding building and therefore it only qualifies under the exemption's "grandfather" clause.  *See* Vill. Code § 6-2-2-12(3)(1).